USDC SCAN INDEX SHEET

















RYC   7/7/03   9:58

3:03-CR-01587   USA V. WEINBAUM

*10*

*CRRESPM.*

ORIGINAL

1  CAROL C. LAM
   United States Attorney
2  DANIEL E. BUTCHER
   Assistant U.S. Attorney
3  California Bar No. 144624
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-5927

6  Attorneys for Plaintiff
   United States of America

7

FILED

JUL - 3 2003

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

8                  UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,        )   Criminal Case No. 03cr1587-L
                                     )
11              Plaintiff,           )   Date:    June 12, 2003
                                     )   Time:    9:30 a.m.
12          v.                       )
                                     )   UNITED STATES' RESPONSE AND
13  BARRY WEINBAUM,                  )   OPPOSITION TO DEFENDANT 'S
                                     )   MOTION TO TRANSFER CASE
14              Defendant.           )   PURSUANT TO LOCAL CRIMINAL
                                     )   RULE 57.2
15  _____ )

16

17      The United States of America, by and through its counsel, Carol C. Lam, United States Attorney,

18  and Daniel E. Butcher, Assistant U.S. Attorney, hereby files its response and opposition to defendant's

19  Motion to Transfer.

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27

28                                                              03cr1587

10

# I

## INTRODUCTION

The grand jury indicted defendant, Barry Weinbaum, on June 5, 2003. The 8-count indictment charges defendant with conspiracy and with substantive violations of the federal anti-kickback statute. The indictment arises out of defendant's payments to physicians to induce referrals to Alvarado Hospital.

Defendant has filed a motion to transfer this case to United States District Judge Jeffrey T. Miller. The basis for this motion is that Judge Miller was the assigned judge in United States v. Ver Hoeve, Criminal Case No. 00cr1260JM, a case involving one of the physicians whom defendant allegedly paid for referrals. Ver Hoeve, however, involved allegations of Medicare fraud in Ver Hoeve's practice, not kickbacks. Moreover, that case was resolved without a trial and without any evidentiary hearings or other substantial use of judicial resources. It therefore is not "related" to the instant case, and a transfer to Judge Miller would not serve "the interest of efficient administration of the judicial business of this district." See Local Criminal Rule 57.2.

At bottom, defendant's motion appears to be based on a wholly improper motive – that is, his belief that Judge Miller has pre-judged the credibility of Ver Hoeve, whose testimony he believes will be the "centerpiece" of the United States' case. As a result, defendant apparently believes that he stands a better chance of acquittal in Judge Miller's courtroom, and even has suggested that he may waive jury to capitalize on this perceived bias. A defendant's hope, however presumptuous or misplaced, that another judge would have a preconceived notion about a trial witness' credibility cannot be a proper grounds for transferring a case to that judge. The Court therefore should deny the motion.

# II

## STATEMENT OF FACTS

On June 5, 2003, the grand jury returned an 8-count indictment against Barry Weinbaum, the CEO of Alvarado Hospital. The indictment charges defendant with conspiracy to violate the anti-kickback statute (Count 1), and with substantive violations of the anti-kickback statute and aiding and abetting (Counts 2-8). The indictment charges, among other things, that defendant:

> induced physicians to refer individuals insured by a Federal health care program to Alvarado Hospital's inpatient and outpatient facilities by:

     a.   Paying physicians to locate their practices in the Alvarado Hospital service area;

     b.   Paying money to physicians pursuant to Relocation Agreements knowing that much of that money would be passed through to established practices that Alvarado Hospital had targeted for increased referrals, and to established practices that were loyal referrers of patients to Alvarado Hospital; and

     c.   Paying physicians pursuant to personal services contracts for managing, marketing, and expanding their own practices

See Indictment (Ex. 1) at 2-3. The Indictment identifies Dr. Paul Ver Hoeve as one of the physicians induced by the Defendant to refer patients to Alvarado pursuant to this scheme. Id. at 3-5.

Defendant correctly notes that Ver Hoeve previously was a defendant in United States v. Ver Hoeve, 00cr1260JM. The charges in that 42-count Indictment, however, bear no legal or factual relation to the instant case. That Indictment alleged, among other things, that Ver Hoeve:

     a..  billed and received payment from Medicare for monitored cardiac rehabilitation when only unmonitored cardiac rehabilitation was provided;

     b.  billed and received payment from Medicare for medically unnecessary cardiac rehabilitation;

     c.  billed and received payment from Medicare for both an office visit and a treadmill test when only a treadmill test was performed;

     d.  billed and received payment from Medicare for an office visit when the patient actually received only a massage;

     e.  billed and received payment from Medicare for an office visit when the patient actually received only acupuncture treatment; and

     f.  fraudulently obtained over $50,000 from Medicare from this scheme.

See Ex. 2 at 4. None of the allegations in the indictment, and none of the facts in the plea agreement or Rule 11 colloquy, alluded to Ver Hoeve's relationship with Alvarado Hospital.

Ver Hoeve pled guilty before Judge Miller. There was no trial, no evidentiary hearings and no findings of fact regarding credibility. See Exhibit 3 (docket sheet listing all hearings). On September 14, 2001, pursuant to the joint recommendation of the parties, Judge Miller sentenced Ver Hoeve to 2 years of probation (with a special condition of 200 hours of community service) and ordered him to pay $50,000 in restitution. Id. at 5 (docket entry 32).

03cr1587

### III

### ARGUMENT

Local Criminal Rule 57.2(c) provides that "[w]hen the U.S. Attorney has reason to believe that a criminal action or proceeding before the court is related to an earlier action, the U.S. Attorney shall so advise the clerk." The Rule also provides that the "judge to whom a case is assigned, or the chief judge of the district, may transfer such case at any time to a consenting judge in the interest of efficient administration of the judicial business of the district." Local Criminal Rule 57.2(b). Neither ground for transfer applies here.

A.     This Case is not Related to **United States v. Ver Hoeve**

The indictment in this case alleges that defendant violated the anti-kickback statute by conferring benefits on physicians to induce the referral of patients to Alvarado Hospital. As such, the case is legally and factually distinct from United States v. Ver Hoeve, which involved the submission of fraudulent Medicare claims by Dr. Ver Hoeve for services rendered at his private medical office. Because there is no legal or factual issue common to both cases, there is no basis to conclude that these two cases are related. The U.S. Attorney therefore did not file a Notice of Related Case.

B.     The Transfer of This Case Will Not Further The Efficient
         Administration of the Judicial Business of This District

There also is no basis to conclude that Judge Miller could more efficiently handle this case as a result of his handling of United States v. Ver Hoeve. Judge Miller was not called upon to resolve any unique legal or factual issue in that case that will replicate itself here. Indeed, there were few, if any, legal or factual issues that required resolution in that case. There was no trial and no evidentiary hearing. Judge Miller ruled on only one motion, in which he denied Ver Hoeve's motion to depose a doctor who reviewed certain patient files during the investigation. See Ex. 3 at 4 (docket entry 23). Ver Hoeve pled guilty 5 days after that ruling, and was sentenced without an evidentiary hearing based upon a joint recommendation of the parties. Id. (docket entries 24 and 32).

Defendant incorrectly argues that "Judge Miller already had an opportunity to evaluate, and has evaluated, Paul Ver Hoeve's credibility in the prior criminal case and will do so in the 2255 action." See Defendant's Motion at 3-4. Ver Hoeve, however, never took the stand in Judge Miller's courtroom, and

1  is not expected to do so in his pending 2255 petition, which is based on the legal argument that the

2  Indictment against him failed to state an offense. See Ex. 4.

3      Defendant's motion to transfer plainly is not based on any selfless concern over the efficient

4  administration of justice in this courthouse. Rather, it is based upon his belief that Judge Miller's

5  courtroom will provide him with a more hospitable forum. Defendant believes that Ver Hoeve is "the

6  sole 'witness' to the alleged kickback scheme," see Defendant's Motion at 4, and is the "centerpiece

7  witness supporting the government's claim." Id. at 3. Defendant also believes that Judge Miller "would

8  be most effective at evaluating Paul Ver Hoeve's credibility," based on his "repeated exposures" to him,

9  and therefore better able to provide "a just result." Id. at 4 (emphasis in original).

10      Of course, the "just result" that defendant believes that Judge Miller will provide him is the rejection

11  of Ver Hoeve's testimony and an acquittal. See id. ("Mr. Weinbaum adamantly denies that the scheme

12  ever existed . . . . We all have met individuals who appeared squeaky clean on first impression, but who

13  later raised doubts as repeated observations of them revealed inconsistencies in their demeanor and

14  behavior."). See also Reed Abelson, Chief of Tenet-Owned Hospital Is Indicted, N.Y. Times, June 7,

15  2003, at B2 ("This disgraced doctor is not worthy of being believed.") (quoting counsel for defendant).

16  Defendant is so sanguine in his belief that Judge Miller will reject Ver Hoeve's testimony in this case

17  that he suggests that he "may very well waive a jury trial and seek a bench trial." Id. at 3.

18      The United States, of course, does not share defendant's belief that Judge Miller is predisposed to

19  reject the Ver Hoeve's testimony and direct an acquittal under Rule 29, Defendant's Motion at 4, or after

20  a bench trial. Id. at 3. Defendant's suggestion that Judge Miller is so inclined to reject Ver Hoeve's

21  testimony however, is an inappropriate ground on which to seek a transfer. If true, it would require

22  Judge Miller's disqualification, not the transfer of the case to him. See 28 U.S.C. § 455(a) ("Any justice,

23  judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his

24  impartiality might reasonably be questioned"). The Court therefore should deny defendant's motion.

25

26

27

28

1

## IV

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny defendant's motion to transfer.

DATE:  July 2, 2003

Respectfully submitted,

CAROL C. LAM
United States Attorney

DANIEL E. BUTCHER
Assistant U.S. Attorney

6

03cr1587

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

FILED

03 JUN -5 PM 3:28

CLERK, US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

July 2002 Grand Jury

03 CR 1587 L

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. _____ |
| Plaintiff, | I N D I C T M E N T |
| v. | Title 18, U.S.C., Sec. 371 - Conspiracy; Title 42, U.S.C., |
| BARRY WEINBAUM, | Secs. 1320a-7(b)(2)(A) - Offering and Paying Remunerations; |
| Defendant. | Title 18, U.S.C., Sec. 2 - Aiding and Abetting |

The grand jury charges:

INTRODUCTORY ALLEGATIONS

At all times relevant to the charges in this indictment:

1.    Medicare provides basic medical coverage for persons age 65 and over who are entitled to retirement benefits and for persons under age 65 who suffer from certain disabilities.  The United States funds 100% of Medicare, a Federal health care program administered by the United States Department of Health and Human Services.

2.    Hospitals and other health care providers desiring to treat Medicare beneficiaries must apply to Medicare for a provider number. Upon receipt of a provider number, the provider may submit claims directly to Medicare.

DWM:nlv(1):San Diego
6/5/03

3.    Alvarado Hospital Medical Center (hereinafter "Alvarado Hospital") is located at 6655 Alvarado Road, San Diego, California.

4.    Alvarado Hospital is owned and controlled by Tenet Healthcare Corporation.

5.    Alvarado Hospital is a Medicare provider, and received over $390,000,000 from the Medicare program from 1992 to 2002.

6.    Defendant BARRY WEINBAUM is the Chief Executive Officer of Alvarado Hospital.

7.    Dr. Ver Hoeve is a primary care physician who practiced in the Alvarado Hospital Service area; the majority of Dr. Paul Ver Hoeve's patients were Medicare beneficiaries.

Count 1

(Conspiracy)

1.    On or about a date unknown and continuing until the date of this indictment, within the Southern District of California, and elsewhere, defendant BARRY WEINBAUM, did knowingly conspire with others known and unknown to commit offenses against the United States, that is violations of  Title 42, United States Code, Section 1320a-7(b)(1)(A) (soliciting and receiving remunerations); and Title 42, United States Code, Section 1320a-7(b)(2)(A) (offering and paying remunerations).

2.    It was part of the conspiracy that defendant BARRY WEINBAUM induced physicians to refer individuals insured by a Federal health care program to Alvarado Hospital's inpatient and outpatient facilities by:

a.    Paying physicians to locate their practices in the Alvarado Hospital service area;

//

2

1          b.    Paying money to physicians pursuant to Relocation
2    Agreements knowing that much of that money would be passed through to
3    established practices that Alvarado Hospital had targeted for
4    increased referrals, and to established practices that were loyal
5    referrers of patients to Alvarado Hospital; and

6          c.    Paying physicians pursuant to personal services
7    contracts for managing, marketing, and expanding their own practices.

8       3.    It was a further part of the conspiracy that defendant BARRY
9    WEINBAUM caused Alvarado Hospital to pay over $10,000,000 to
10   physicians who agreed to locate their practices in the Alvarado
11   Hospital service area, and to the established practices that recruited
12   those physicians.

13                              OVERT ACTS

14      In furtherance of the conspiracy and to effect its objects, the
15   following overt acts, among others, were committed in the Southern
16   District of California, and elsewhere:

17      1.    On or about October 31, 1995, defendant BARRY WEINBAUM
18         signed a Relocation Agreement with Dr. M, who was recruited
19         into Dr. Paul Ver Hoeve's practice, knowing that at least
20         $164,000 of the money paid under that agreement would be
21         passed through to Dr. Paul Ver Hoeve.

22      2.    On or about August 1, 1996, defendant BARRY WEINBAUM signed
23         a Relocation Agreement with Dr. W, who was recruited into
24         Dr. Paul Ver Hoeve's practice, knowing that at least
25         $194,000 of the money paid under that agreement would be
26         passed through to Dr. Paul Ver Hoeve.

27   //
28   //

                                    3

3.   On or about September 1, 1996, defendant BARRY WEINBAUM
     signed a personal services contract that committed Alvarado
     Hospital to pay $3,000 per month to Dr. Paul Ver Hoeve.

4.   In or about May, 1997, defendant BARRY WEINBAUM approved a
     fiscal   year   1998   goal   for   an   Alvarado   Hospital
     administrative employee that stated "Grow Dr. Paul Ver
     Hoeve's practice and strengthen alliance with Alvarado
     Hospital Medical Center; Recruit Dr. [L]. Grow admissions
     by 24 per year."

5.   On or about May 15, 1997, defendant BARRY WEINBAUM signed
     a Relocation Agreement with Dr. L, who was recruited into
     Dr. Paul Ver Hoeve's practice, knowing that at least
     $194,000 of the money paid under that agreement would be
     passed through to Dr. Paul Ver Hoeve.

6.   On or about September 10, 1997, defendant BARRY WEINBAUM
     signed a letter agreeing to extend Alvarado Hospital's
     $3,000 monthly payments to Dr. Paul Ver Hoeve.

7.   On or about December 1, 1997, defendant BARRY WEINBAUM
     signed a Relocation Agreement with Dr. P, who was recruited
     into Dr. Paul Ver Hoeve's practice, knowing that at least
     $140,000 of the money paid under that agreement would be
     passed through to Dr. Paul Ver Hoeve.

8.   In or about January, 1998, defendant BARRY WEINBAUM
     instructed Dr. Paul Ver Hoeve and his accountant to not
     characterize the money that Alvarado Hospital had paid to
     Dr. Paul Ver Hoeve through the relocated physicians as
     "Alvarado Income."

//

4

9.  In or about January, 1998, Dr. Paul Ver Hoeve directed his accountant to change the characterization of the money that he received from Alvarado Hospital from "Alvarado Income" to "Other Income."

10. On or about March 12, 1998, Dr. Paul Ver Hoeve received a check in the amount of $12,000 from Dr. L.

11. On or about March 16, 1998, Dr. Paul Ver Hoeve endorsed a check in the amount of $9,600 from Dr. P.

12. On or about April 3, 1998, defendant BARRY WEINBAUM approved a physician activity log submitted by Dr. Paul Ver Hoeve pursuant to his personal services contract with Alvarado Hospital.

13. On or about April 30, 1998, defendant BARRY WEINBAUM approved a physician activity log submitted by Dr. Paul Ver Hoeve pursuant to his personal services contract with Alvarado Hospital.

14. On or about May 29, 1998, defendant BARRY WEINBAUM approved a physician activity log submitted by Dr. Paul Ver Hoeve pursuant to his personal services contract with Alvarado Hospital.

All in violation of Title 18, United States Code, Section 371.

## Count 2

### (Paying Illegal Remunerations)

On or about March 10, 1998, defendant BARRY WEINBAUM, did knowingly and willfully offer and pay a remuneration, including a kickback and bribe, directly and indirectly, overtly and covertly, in cash and in kind, to Dr. L (Check No. 001441595) to induce Dr. L to refer individuals, including Medicare patients, to Alvarado Hospital

5

1  Medical Center for the furnishing of services for which payment may
2  be made in whole or in part under a Federal health care program; in
3  violation of Title 42, United States Code, Section 1320a-7(b)(2)(A),
4  and Title 18, United States Code, Section 2.

### Count 3

(Paying Illegal Remunerations)

7      On or about March 10, 1998, defendant BARRY WEINBAUM, did
8  knowingly and willfully offer and pay a remuneration, including a
9  kickback and bribe, directly and indirectly, overtly and covertly, in
10 cash and in kind, to Dr. Paul Ver Hoeve (Check No. 001441595) to
11 induce Dr. Paul Ver Hoeve to refer individuals, including Medicare
12 patients, to Alvarado Hospital Medical Center for the furnishing of
13 services for which payment may be made in whole or in part under a
14 Federal health care program; in violation of Title 42, United States
15 Code, Section 1320a-7(b)(2)(A), and Title 18, United States Code,
16 Section 2.

### Count 4

(Paying Illegal Remunerations)

19     On or about March 10, 1998, defendant BARRY WEINBAUM, did
20 knowingly and willfully offer and pay a remuneration, including a
21 kickback and bribe, directly and indirectly, overtly and covertly, in
22 cash and in kind to Dr. Paul Ver Hoeve (Check No. 001441670) to induce
23 Dr. Paul Ver Hoeve to refer individuals, including Medicare patients,
24 to Alvarado Hospital Medical Center for the furnishing of services for
25 which payment may be made in whole or in part under a Federal health
26 care program; in violation of Title 42, United States Code,
27 Section 1320a-7(b)(2)(A), and Title 18, United States Code, Section 2.
28 //

6

Count 5

(Paying Illegal Remunerations)

On or about March 24, 1998, defendant BARRY WEINBAUM, did knowingly and willfully offer and pay a remuneration, including a kickback and bribe, directly and indirectly, overtly and covertly, in cash and in kind, to Dr. Paul Ver Hoeve (Check No. 001472776) to induce Dr. Paul Ver Hoeve to refer individuals, including Medicare patients, to Alvarado Hospital Medical Center for the furnishing of services for which payment may be made in whole or in part under a Federal health care program; in violation of Title 42, United States Code, Section 1320a-7(b)(2)(A), and Title 18, United States Code, Section 2.

Count 6

(Paying Illegal Remunerations)

On or about April 7, 1998, defendant BARRY WEINBAUM, did knowingly and willfully offer and pay a remuneration, including a kickback and bribe, directly and indirectly, overtly and covertly, in cash and in kind to Dr. Paul Ver Hoeve (Check No. 001503591) to induce Dr. Paul Ver Hoeve to refer individuals, including Medicare patients, to Alvarado Hospital Medical Center for the furnishing of services for which payment may be made in whole or in part under a Federal health care program; in violation of Title 42, United States Code, Section 1320a-7(b)(2)(A), and Title 18, United States Code, Section 2.

Count 7

(Paying Illegal Remunerations)

On or about April 23, 1998, defendant BARRY WEINBAUM, did knowingly and willfully offer and pay a remuneration, including a kickback and bribe, directly and indirectly, overtly and covertly, in

7

1  cash and in kind, to Dr. Paul Ver Hoeve (Check No. 001541571) to
2  induce Dr. Paul Ver Hoeve to refer individuals, including Medicare
3  patients, to Alvarado Hospital Medical Center for the furnishing of
4  services for which payment may be made in whole or in part under a
5  Federal health care program; in violation of Title 42, United States
6  Code, Section 1320a-7(b)(2)(A), and Title 18, United States Code,
7  Section 2.

8                              Count 8

9                     (Paying Illegal Remunerations)

10       On or about May 12, 1998, defendant BARRY WEINBAUM, did knowingly
11  and willfully offer and pay a remuneration, including a kickback and
12  bribe, directly and indirectly, overtly and covertly, in cash and in
13  kind to Dr. Paul Ver Hoeve (Check No. 001585483) to induce Dr. Paul
14  Ver Hoeve to refer individuals, including Medicare patients, to
15  Alvarado Hospital Medical Center for the furnishing of services for
16  which payment may be made in whole or in part under a Federal health
17  care program; in violation of Title 42, United States Code,
18  Section 1320a-7(b)(2)(A), and Title 18, United States Code, Section 2.

19       DATED: June 5, 2003.

20                                    A TRUE BILL:

21

22

23                                    _____
                                      Foreperson
    CAROL C. LAM
24  United States Attorney

25

26  By: _____
        DANIEL E. BUTCHER
27      Assistant U.S. Attorney

28

                                      8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2

FILED

00 APR 18 PM 12: 18

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

October 1998 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. **00 CR 1260 JM** |
| ) | |
| Plaintiff, ) | I N D I C T M E N T |
| ) | |
| v. ) | Title 18, U.S.C., Sec. 1341 - |
| ) | Mail Fraud; Title 18, U.S.C., |
| PAUL EDWARD VER HOEVE, ) | Sec. 287 - False Claims; |
| ) | Title 18, U.S.C., Sec. 2 - Aiding |
| Defendant. ) | and Abetting |

The grand jury charges:

MAIL FRAUD

(Counts 1 - 27)

1.   At all times material to this Indictment:

2.   Medicare provides basic medical coverage for persons age 65 and over who are entitled to retirement benefits and for persons under age 65 who suffer from certain disabilities.  The United States funds 100% of the Medicare program.

3.   Medicare consists of two parts.  Medicare Part A covers institutional health costs for hospitals, skilled nursing facilities and home health agencies.  Medicare Part B is a federally subsidized voluntary insurance program that pays a portion (typically 80%) of the

DEB:cks(xxx):San Diego/3
4/18/00

1  cost of certain health services not covered by Medicare Part A. The

2  portion of the cost that Medicare does not pay (typically 20%) is a

3  co-payment amount that is the responsibility of the beneficiary.

4  Eligible Medicare beneficiaries may enroll in Medicare Part B by

5  paying monthly premiums.

6       4.   The Department of Health and Human Services (hereinafter

7  "HHS") is the department of the United States responsible for the

8  funding, administration and supervision of Medicare. The Health Care

9  Financing Administration is the agency within HHS that administers the

10 Medicare program.

11      5.   Medicare's Part B program is administered by private

12 insurance companies, referred to as "carriers," that are under

13 contract with the United States to process Medicare Part B claims.

14 Transamerica Occidental Life Insurance Company is the carrier

15 responsible for processing Medicare Part B claims for services

16 rendered in San Diego County.

17      6.   Medicare covers medically necessary cardiac rehabilitation.

18 Monitored cardiac rehabilitation (in which the patient wears an ECG

19 monitor) is billable to Medicare under current procedural technology

20 (CPT) code 93798. Unmonitored cardiac rehabilitation is billable to

21 Medicare under CPT code 93797. Medicare pays more for monitored

22 rehabilitation than for unmonitored rehabilitation.

23      7.   Medicare covers medically necessary treadmill stress tests.

24 The treadmill stress test is administered to evaluate a patient's

25 suitability for cardiac rehabilitation, and to evaluate a patient's

26 progress during and after cardiac rehabilitation. A treadmill stress

27 test is billable to Medicare under CPT code 93015.

28 //

2

1    8. Medicare also covers certain physician visits to evaluate

2 and manage a patient. Physician office visits for established

3 patients are billable to Medicare under CPT codes 99211-99215,

4 depending on, among other things, the length of the visit and the

5 complexity of the presenting problem.

6    9. Medicare does not cover acupuncture.

7    10. Physicians desiring to treat Medicare beneficiaries must

8 apply to Medicare for a provider number. Upon receipt of a provider

9 number, the physician may submit claims directly to Medicare.

10    11. Defendant PAUL EDWARD VER HOEVE is a physician who practices

11 in La Mesa, California.

12    12. Defendant PAUL EDWARD VER HOEVE operated two practices: (1)

13 a primary care practice called "La Mesa Medical Associates," and (2)

14 a cardiac rehabilitation practice called "Cardio-Pulmonary Aerobics

15 Medical Center."

16    13. Defendant PAUL EDWARD VER HOEVE applied for and obtained

17 Medicare provider numbers A45358 and W13594 for his La Mesa Medical

18 Associates practice.

19    14. Defendant PAUL EDWARD VER HOEVE applied for and obtained

20 Medicare provider number W14024 for his Cardio-Pulmonary Aerobics

21 Medical Center practice.

22                        SCHEME TO DEFRAUD

23    15. Beginning in or about 1995 and continuing thereafter until

24 approximately June, 1998, within the Southern District of California,

25 and elsewhere, defendant PAUL EDWARD VER HOEVE, and others known and

26 unknown to the grand jury, knowingly and intentionally devised and

27 //

28 //

3

intended to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises.

16. It was a part of the scheme to defraud that defendant PAUL EDWARD VER HOEVE:

a. billed and received payment from Medicare for monitored cardiac rehabilitation when only unmonitored cardiac rehabilitation was provided;

b. billed and received payment from Medicare for medically unnecessary cardiac rehabilitation;

c. billed and received payment from Medicare for both an office visit and a treadmill test when only a treadmill test was performed;

d. billed and received payment from Medicare for a physician office visit when the patient actually received only acupuncture treatment;

e. billed and received payment from Medicare for a physician office visit when the patient actually received only a massage; and

f. fraudulently obtained over $50,000 from Medicare from this scheme.

<u>MAILINGS</u>

17. For the purpose of executing the scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses, representations and promises, and attempting to do so, on or about the dates set forth below in Column A, within the Southern District of California, defendant PAUL EDWARD VER HOEVE, did knowingly cause to be delivered by the United States Postal Service, and did

4

take and receive from an authorized depository for mail matter, envelopes and other mail matter containing Medicare checks and other documents relating to the Medicare beneficiaries listed below in Column B for the services and claims described below in Column C:

| COUNT | A<br>DATE<br>(CHECK NO.) | B<br>BENEFICIARY | C<br>DESCRIPTION |
|---|---|---|---|
| 1 | 5-29-98<br>(232483791) | Arthur D. | May 15, 1998 unmonitored cardiac rehabilitation billed as monitored rehabilitation |
| 2 | 3-31-98<br>(232272615) | Geraldine B. | March 18, 1998 unmonitored cardiac rehabilitation billed as monitored rehabilitation |
| 3 | 3-5-98<br>(232173011) | Norman B. | Feb. 20, 1998 unmonitored cardiac rehabilitation billed as monitored rehabilitation |
| 4 | 1-29-98<br>(232044814) | Carol E. | Jan. 16, 1998 unmonitored cardiac rehabilitation billed as monitored rehabilitation |
| 5 | 2-17-98<br>(232109663) | Edwin U. | Dec. 31, 1997 unmonitored cardiac rehabilitation billed as monitored rehabilitation |
| 6 | 10-21-97<br>(231689187) | Virginia K. | Oct. 8, 1997 unmonitored cardiac rehabilitation billed as monitored rehabilitation |
| 7 | 8-25-97<br>(231481764) | Carl H. | Aug. 8, 1997 unmonitored cardiac rehabilitation billed as monitored rehabilitation |
| 8 | 8-8-97<br>(231418099) | Carl J. | July 22, 1997 unmonitored cardiac rehabilitation billed as monitored rehabilitation |

5

| COUNT | A<br>DATE<br>(CHECK NO.) | B<br>BENEFICIARY | C<br>DESCRIPTION |
|---|---|---|---|
| 9 | 7-11-97<br>(231313586) | Bill S. | June 27, 1997 unmonitored cardiac rehabilitation billed as monitored rehabilitation |
| 10 | 4-22-97<br>(231000362) | Violet I. | April 8, 1997 unmonitored cardiac rehabilitation billed as monitored rehabilitation |
| 11 | 3-27-98<br>(232261111) | Patricia D. | Medically unnecessary Marc 12, 1998 unmonitored cardiac rehabilitation billed as monitored rehabilitation |
| 12 | 2-26-98<br>(232146415) | William B. | Medically unnecessary Feb. 13, 1998 monitored cardiac rehabilitation |
| 13 | 2-10-98<br>(232087381) | Aurora S. | Medically unnecessary Jan. 28, 1998 unmonitored cardiac rehabilitation billed as monitored rehabilitation |
| 14 | 9-29-97<br>(231605724) | Flora W. | Medically unnecessary Sept. 11, 1997 monitored cardiac rehabilitation |
| 15 | 4-18-97<br>(230989267) | Doris A. | Medically unnecessary April 2, 1997 unmonitored cardiac rehabilitation billed as monitored rehabilitation |
| 16 | 6-10-96<br>(229615791) | Rosa G. | Medically unnecessary May 24, 1996 monitored cardiac rehabilitation |
| 17 | 8-11-97<br>(231425488) | Quistlee C. | July 24, 1997 treadmill test billed as both a treadmill test and a physician office visit |
| 18 | 7-18-97<br>(231338940) | Josephine C. | July 3, 1997 treadmill test billed as both a treadmill test and a physician office visit |

6

| COUNT | A DATE (CHECK NO.) | B BENEFICIARY | C DESCRIPTION |
|---|---|---|---|
| 19 | 7-8-97 (231296752) | Teresa D. | June 19, 1997 treadmill test billed as both a treadmill test and a physician office visit |
| 20 | 10-21-96 (230268622) | Barbara P. | Oct. 3, 1996 treadmill test billed as both a treadmill test and a physician office visit |
| 21 | 9-20-96 (230150038) | Thanh D. | Sept. 5, 1996 treadmill test billed as both a treadmill test and a physician office visit |
| 22 | 8-23-96 (230042221) | Arthur D. | Aug. 1, 1996 treadmill test billed as both a treadmill test and a physician office visit |
| 23 | 6-13-96 (229631958) | Annabelle Y. | May 30, 1996 treadmill test billed as both a treadmill test and a physician office visit |
| 24 | 1-22-96 (229078175) | Peggy B. | Nov. 30, 1995 treadmill test billed as both a treadmill test and a physician office visit |
| 25 | 2-14-96 (229170241) | Arthur D. | Nov. 16, 1995 treadmill test billed as both a treadmill test and a physician office visit |
| 26 | 11-21-97 (231810294) | Suzanne M. | Sept. 11, 1997 acupuncture billed as a physician office visit |
| 27 | 7-28-97 (231373107) | Suzanne M. | July 10, 1997 massage billed as a physician office visit |

All in violation of Title 18, United States Code, Sections 1341 and 2.

7

1

## FALSE CLAIMS

2

(Counts 28 to 64)

3        18.   Paragraphs 1-16 of this Indictment are realleged and

4    incorporated by reference herein.

5        19.   On or about the dates set forth below in Column A, within

6    the Southern District of California and elsewhere, defendant PAUL

7    EDWARD VER HOEVE did knowingly make and present to the United States

8    Department of Health and Human Services, a department of the United

9    States, through its Medicare carrier, Transamerica Occidental Life

10   Insurance Company, claims for payment for medical services allegedly

11   provided to the Medicare beneficiaries listed below in Column B,

12   which claims the defendant knew to be false, fictitious and fraudulent

13   as described below in Column C:

14

| | A | B | C |
|---|---|---|---|
| COUNT | DATE OF CLAIM | BENEFICIARY | DESCRIPTION |
| 28 | 5-20-98 | Arthur D. | May 15, 1998 unmonitored cardiac rehabilitation billed as monitored rehabilitation |
| 29 | 5-20-98 | Geraldine B. | May 13, 1998 unmonitored cardiac rehabilitation billed as monitored rehabilitation |
| 30 | 5-20-98 | Ralph T. | May 12, 1998 unmonitored cardiac rehabilitation billed as monitored rehabilitation |
| 31 | 5-20-98 | Robert C. | May 6, 1998 unmonitored cardiac rehabilitation billed as monitored rehabilitation |
| 32 | 5-20-98 | Clifford G. | May 5, 1998 unmonitored cardiac rehabilitation billed as monitored rehabilitation |

8

| COUNT | A DATE OF CLAIM | B BENEFICIARY | C DESCRIPTION |
|---|---|---|---|
| 33 | 3-23-98 | Geraldine B. | March 18, 1998 unmonitored cardiac rehabilitation billed as monitored rehabilitation |
| 34 | 2-25-98 | Norman B. | Feb. 20, 1998 unmonitored cardiac rehabilitation billed as monitored rehabilitation |
| 35 | 1-21-98 | Carol E. | Jan. 16, 1998 unmonitored cardiac rehabilitation billed as monitored rehabilitation |
| 36 | 2-9-97 | Edwin U. | Dec. 31, 1997 unmonitored cardiac rehabilitation billed as monitored rehabilitation |
| 37 | 2-9-97 | Clifford G. | Dec. 30, 1997 unmonitored cardiac rehabilitation billed as monitored rehabilitation |
| 38 | 10-13-97 | Virginia K. | Oct. 8, 1997 unmonitored cardiac rehabilitation billed as monitored rehabilitation |
| 39 | 8-15-97 | Carl H. | Aug. 8, 1997 unmonitored cardiac rehabilitation billed as monitored rehabilitation |
| 40 | 7-31-97 | Carl J. | July 22, 1997 unmonitored cardiac rehabilitation billed as monitored rehabilitation |
| 41 | 7-3-97 | Bill S. | June 27, 1997 unmonitored cardiac rehabilitation billed as monitored rehabilitation |
| 42 | 4-14-97 | Violet I. | April 8, 1997 unmonitored cardiac rehabilitation billed as monitored rehabilitation |

9

| | A | B | C |
|---|---|---|---|
| COUNT | DATE OF CLAIM | BENEFICIARY | DESCRIPTION |
| 43 | 3-19-98 | Patricia D. | Medically unnecessary March 12, 1998 unmonitored cardiac rehabilitation billed as monitored rehabilitation |
| 44 | 2-18-98 | William B. | Medically unnecessary Feb. 13, 1998 monitored cardiac rehabilitation |
| 45 | 2-2-98 | Aurora S. | Medically unnecessary Jan. 28, 1998 unmonitored cardiac rehabilitation billed as monitored rehabilitation |
| 46 | 11-12-97 | Jonna S. | Medically unnecessary Nov. 5, 1997 unmonitored cardiac rehabilitation billed as monitored rehabilitation |
| 47 | 9-19-97 | Flora W. | Medically unnecessary Sept. 11, 1997 monitored cardiac rehabilitation |
| 48 | 9-19-97 | Dorothy C. | Medically unnecessary Sept. 9, 1997 unmonitored cardiac rehabilitation billed as monitored rehabilitation |
| 49 | 4-10-97 | Doris A. | Medically unnecessary April 2, 1997 unmonitored cardiac rehabilitation billed as monitored rehabilitation |
| 50 | 5-29-96 | Rosa G. | Medically unnecessary May 24, 1996 monitored cardiac rehabilitation |
| 51 | 8-1-97 | Quistlee C. | July 24, 1997 treadmill test billed as both a treadmill test and a physician office visit |
| 52 | 7-10-97 | Josephine C. | July 3, 1997 treadmill test billed as both a treadmill test and a physician office visit |

10

| COUNT | A<br>DATE<br>OF CLAIM | B<br>BENEFICIARY | C<br>DESCRIPTION |
|---|---|---|---|
| 53 | 6-30-97 | Teresa D. | June 19, 1997 treadmill test billed as both a treadmill test and a physician office visit |
| 54 | 10-11-96 | Barbara P. | Oct. 3, 1996 treadmill test billed as both a treadmill test and a physician office visit |
| 55 | 9-12-96 | Thanh D. | Sept. 5, 1996 treadmill test billed as both a treadmill test and a physician office visit |
| 56 | 8-15-96 | Arthur D. | Aug. 1, 1996 treadmill test billed as both a treadmill test and a physician office visit |
| 57 | 6-5-96 | Annabelle Y. | May 30, 1996 treadmill test billed as both a treadmill test and a physician office visit |
| 58 | 5-29-96 | Rosalle D. | May 23, 1996 treadmill test billed as both a treadmill test and a physician office visit |
| 59 | 1-15-96 | Peggy B. | Nov. 30, 1995 treadmill test billed as both a treadmill test and a physician office visit |
| 60 | 1-15-96 | Verna C. | Nov. 30, 1995 treadmill test billed as both a treadmill test and a physician office visit |
| 61 | 1-18-96 | Arthur D. | Nov. 16, 1995 treadmill test billed as both a treadmill test and a physician office visit |
| 62 | 9-22-97 | Suzanne M. | Sept. 11, 1997 acupuncture billed as a physician office visit |
| 63 | 8-11-97 | Suzanne M. | July 31, 1997 acupuncture billed as a physician office visit |

11

| COUNT | A<br>DATE<br>OF CLAIM | B<br>BENEFICIARY | C<br>DESCRIPTION |
|---|---|---|---|
| 64 | 7-18-97 | Suzanne M. | July 10, 1997 massage billed as a physician office visit |

All in violation of Title 18, United States Code, Sections 287 and 2.

DATED:    April 18, 2000.

A TRUE BILL:

_____
Foreperson

GREGORY A. VEGA
United States Attorney

By: _____
    DANIEL E. BUTCHER
    Assistant U.S. Attorney

12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 3

03cr1587

# U.S. District Court

## Southern District of California (San Diego)

## CRIMINAL DOCKET FOR CASE #: 00-CR-1260-ALL

## USA v. Ver Hoeve

Filed: 04/18/00
Dkt# in other court: None

## Case Assigned to: Judge Jeffrey T Miller

PAUL EDWARD VER HOEVE (1)          Michael L Lipman
    defendant                         [term  09/14/01]
    [term  09/14/01]                  (619)232-0107
                                      [COR LD NTC ret]
                                      Coughlan Semmer and Lipman
                                      501 West Broadway
                                      Suite 400
                                      San Diego, CA 92101-3544
                                      (619)232-0800

                                      No Attorney
                                        [term  04/18/00]
                                      [COR LD NTC]
                                      United States District Court
                                      Clerks Office
                                      Southern District of California
                                      880 Front Street
                                      Suite 4290
                                      San Diego, CA 92101-8900
                                      (619)557-5600

Pending Counts:                              Disposition

18:1341 - Mail fraud; 18:2 -         probation for 2 years; penalty
Aiding and abetting                  assessment of $100; no fine;
(1)                                  restitution $50,000
                                     (1)

Offense Level (opening): 4

Terminated Counts:                           Disposition

18:1341 - Mail fraud; 18:2 -         government oral motion to

| | |
|---|---|
| Aiding and abetting<br>(2 - 27) | dismiss remaining counts is<br>granted<br>(2 - 27) |
| 18:287 - False claims; 18:2 -<br>Aiding and abetting<br>(28 - 64) | government oral motion to<br>dismiss remaining counts is<br>granted<br>(28 - 64) |

Offense Level (disposition): 4

Complaints:

   NONE

U. S. Attorneys:

  U S Attorney CR
  (619)557-5917
  [COR LD NTC]
  U S Attorneys Office Southern
  District of California
  Criminal Division
  880 Front Street
  Suite 6293
  San Diego, CA 92101-8893
  (619)557-5610

# DOCKET    PROCEEDINGS

| DATE | # | DOCKET   ENTRY |
|---|---|---|
| 4/18/00 | 1 | INDICTMENT by USA filed against Paul Edward Ver Hoeve as to cnts 1-27, 28-64; warrant issued for Paul Edward Ver Hoeve. Any XT1 excludable that extends beyond the indictment date is terminated at the point of indictment. (seal) [Entry date 04/24/00] |
| 4/20/00 | -- | DEFENDANT Paul Edward Ver Hoeve surrendered (seal) [Entry date 04/24/00] |
| 4/20/00 | 2 | Minutes: Enter Order by Magistrate Judge Nita L. Stormes; first appearance of Paul Edward Ver Hoeve on indictment, Atty Steve Feldman s/a, dft Paul Edward Ver Hoeve arraigned, dft pleads not guilty to all cnts; $20,000 P/S set for Paul Edward Ver Hoeve, hrg motions/trial setting set for 2:00 5/30/00 for Paul Edward Ver Hoeve before Judge Jeffrey T. Miller, bench warrant recalled, govt's oral motion to unseal indictment granted, case unsealed, dft ordered print and release, abstract issued to USM. Court Reporter: NLS00-1:563-971 (seal) [Entry date 04/24/00] |
| 4/20/00 | 3 | BOND ( $20,000 p/s) by Paul Edward Ver Hoeve signed by |

|  |  |  |
|---|---|---|
|  |  | dft., Magistrate Judge Nita Stormes ; abstract issued to USM (llb) [Entry date 04/26/00] |
| 4/20/00 | 9 | ORDER by Magistrate Judge Nita L. Stormes setting conditions of release for Paul Edward Ver Hoeve; execute a $20,000 p/s bond cosigned by 2 financially responsible afults. (csg) [Entry date 06/06/00] |
| 5/4/00 | 4 | Minutes: Enter Order by Magistrate Judge Nita L. Stormes: status hrg re cnsl not held; vacated. Court Reporter: NLS00:1:1270-1394 (sld) [Entry date 06/08/00] |
| 5/30/00 | 5 | Minutes: Enter Order by Judge Jeffrey T. Miller Specially appearing attorney Michael Lipman for limited purpose, at this time, to file mots and/or stip re complexity of case status hearing set for 2:00 7/10/00 for Paul Edward Ver Hoeve ; Court Reporter: E. Cessena (llh) [Entry date 05/31/00] |
| 6/1/00 | 6 | Notice of Motion and Motion to exclude time from speedy trial act by Paul Edward Ver Hoeve; adding specially appearing atty Michael L. Lipman as to Paul Edward Ver Hoeve; motion hrg set for 7/10/00 at 2:00 (llh) [Entry date 06/02/00] |
| 6/1/00 | 7 | MEMORANDUM of p/a's by defendant Paul Edward Ver Hoeve in support of motion to exclude time from the speedy trial act [6-1] (llh) [Entry date 06/02/00] |
| 6/1/00 | 8 | DECLARATION by Paul Edward Ver Hoeve as to Paul Edward Ver Hoeve in support of dft's motion to exclude time from the speedy trial act (llh) [Entry date 06/02/00] |
| 6/30/00 | 10 | RESPONSE and opposition by plaintiff USA to motion to exclude time from speedy trial act [6-1] (vls) [Entry date 07/03/00] |
| 7/10/00 | 11 | Minutes: Enter Order by Judge Jeffrey T. Miller; status hrg re: cnsl representation held further status hearing set for 2:00 7/31/00 for Paul Edward Ver Hoeve ; hrg motion to exclude time from speedy trial act [6-1] continued to 2:00 7/31/00 for Paul Edward Ver Hoeve before Judge Jeffrey T. Miller ; Court Reporter: D. Henson (vls) [Entry date 07/11/00] |
| 7/31/00 | 12 | Minutes: Enter Order by Judge Jeffrey T. Miller ; Michael Lipman is to be shown as retained cnsl for dft for all further proceedings. status hearing set for 2:00 9/18/00 for Paul Edward Ver Hoeve before Judge Jeffrey T. Miller (dft's presence is waived for the 9/18/00 hrgs) ; Court Reporter: D. Henson (vls) [Entry date 08/01/00] [Edit date 08/02/00] |
| 8/18/00 | 13 | STIPULATION and order to grant continuance under the Speedy Trial Act by Judge Jeffrey T. Miller as to defendant Paul Edward Ver Hoeve : XT2 (Case complex) from 7/10/00 to 12/1/00 as to Paul Edward Ver Hoeve (vls) [Entry date 08/18/00] |
| 9/8/00 | 14 | Ex Parte Request by plaintiff USA for an order permitting limited disclosure of Rule 6(e) materials (sld) [Entry date 09/11/00] |
| 9/8/00 | 15 | ORDER by Judge Jeffrey T. Miller as to defendant Paul Edward Ver Hoeve granting ex parte request permitting |

U.S. District Court Web PACER (v2.4) Docket Report · Case 3:03-cr-01587-L   Document 10   Filed 07/03/03   PageID.71   Page 34 of 46

http://pacer.casd.uscourts.gov/dc/cgi-bin/pacer740.p

limited disclosure of Rule 6(e) materials [14-1] (sld)
[Entry date 09/11/00]

9/18/00  16   Minutes: Enter Order by Judge Jeffrey T. Miller, motions
hearing set for 8:30 12/15/00 for Paul Edward Ver Hoeve;
Motion in limine hearing set for 1:30 1/12/01 for Paul
Edward Ver Hoeve; jury trial set for 9:00 1/23/01 for Paul
Edward Ver Hoeve  before Judge Jeffrey T. Miller ; Court
Reporter: D. Henson (meg) [Entry date 09/20/00]

9/25/00  17   Acknowledgement of trial dates by defendant Paul Edward Ver
Hoeve on 12/15/00 at 8:30 for motions hrg, on 1/12/01 at
1:30 for motions in limine, and 1/23/01 at 9:00 for trial
date (sld) [Entry date 09/26/00]

12/1/00  18   Notice of Motion and Motion to compel the govt to provide
Brady and Giglio material to the defense ,and to compel
the deposition of Dr. Peter Sergeant by Paul Edward Ver
Hoeve  motion hrg set for 12/15/00 at 8:30. (vls)
[Entry date 12/04/00]

12/1/00  19   MEMORANDUM by defendant Paul Edward Ver Hoeve  in support
of [18-1], of [18-2] (vls) [Entry date 12/04/00]

12/1/00  20   Notice of Motion and Motion to suppress evidence and return
property by Paul Edward Ver Hoeve  motion hrg set for
12/15/00 at 8:30 (vls) [Entry date 12/04/00]
[Edit date 12/04/00]

12/1/00  21   MEMORANDUM by defendant Paul Edward Ver Hoeve  in support
of [20-1] (vls) [Entry date 12/04/00]

12/8/00  22   RESPONSE and opposition by plaintiff USA  to motion to
suppress evidence and return property [20-1], motion to
compel the govt to provide Brady and Giglio material to the
defense [18-1], motion to compel the deposition of Dr.
Peter Sergeant [18-2] (vls) [Entry date 12/11/00]

12/15/00  23   Minutes: Enter Order by Judge Jeffrey T. Miller; motion for
suppression - submitted;  Motion in limine hearing set for
1/12/01 is continued to 9:00 1/19/01 for Paul Edward Ver
Hoeve before Judge Jeffrey T. Miller ;jury trial date of
1/23/01 at 9:00 - confirmed ; Court Reporter: Henson (vls)
[Entry date 12/19/00]

12/20/00  24   Minutes: Enter Order by Judge Jeffrey T. Miller; govt
exhibit 1 marked and returned ;Paul Edward Ver Hoeve (1)
count(s) 1 enters change of plea to guilty; dft referred to
USPO for PSR ;,  sentencing set for 9:30 4/13/01 for Paul
Edward Ver Hoeve; all pending motions withdrawn ; motion in
limine set for 1/12/01 is vacated ; jury trial vacated; XE
(pretrial motions) from 6/27/00 to 12/20/00;  Court
Reporter: D Henson (vls) [Entry date 12/28/00]

3/5/01  25   STIPULATION and order by Judge Jeffrey T. Miller as to
defendant Paul Edward Ver Hoeve :  sentencing set for
4/13/01 is continued to 9:00 7/27/01 for Paul Edward Ver
Hoeve Judge Jeffrey T. Miller (vls) [Entry date 03/05/01]

3/22/01  26   Acknowledgement of next court date by defendant Paul Edward
Ver Hoeve on 7/27/01 at 9:00am for sentencing. (jah)
[Entry date 03/23/01]

7/9/01  27   OBJECTIONS by defendant Paul Edward Ver Hoeve to
presentence report (vls) [Entry date 07/10/01]

| 7/13/01 | 28 | Notice of Motion and Motion for downward departure by Paul Edward Ver Hoeve  motion hrg set for 7/27/01 at 9:00 (vls) [Entry date 07/16/01] |
|---|---|---|
| 7/13/01 | 29 | MEMORANDUM by defendant Paul Edward Ver Hoeve  in support of [28-1] (vls) [Entry date 07/16/01] |
| 7/23/01 | 30 | SENTENCING memorandum  re defendant Paul Edward Ver Hoeve (vls) [Entry date 07/24/01] |
| 8/24/01 | 31 | STIPULATION regarding continuance of Paul Ver Hoeve's sentencing and order by Judge Jeffrey T. Miller as to defendant Paul Edward Ver Hoeve :  sentencing w/o PO report continued to 11:00 9/14/01 for Paul Edward Ver Hoeve before Judge Jeffrey T. Miller (andy) [Entry date 08/24/01] |
| 9/14/01 | -- | TRANSCRIPT  of motion hearing proceedings on 5/30/00 at 2:00 by Elizabeth Marie Cesena (bar) [Entry date 09/17/01] |
| 9/14/01 | 32 | Minutes: Enter Order by Judge Jeffrey T. Miller granting motion for downward departure [28-1]; sentencing  Paul Edward Ver Hoeve (1) count(s) 1.  probation for 2 years; penalty assessment of $100; no fine; restitution $50,000 ; Terminating defendant Paul Edward Ver Hoeve, restitution record to financial as to Paul Edward Ver Hoeve, government oral motion to dismiss remaining counts is granted, all pending defendant and government motions are moot;  bond exonerated as to defendant Paul Edward Ver Hoeve, LR,  case terminated ;  Court Reporter: D. Henson (bar) [Entry date 09/17/01] |
| 9/20/01 | 33 | JUDGMENT and Commitment issued to U.S. Marshal for Paul Edward Ver Hoeve  by Judge Jeffrey T. Miller (vls) [Entry date 09/20/01] |
| 9/24/01 | 34 | JUDGMENT and Commitment returned executed  9/21/01 Paul Edward Ver Hoeve (1) count(s) 1 (vls) [Entry date 09/25/01] |
| 9/28/01 | 35 | CORRECTED JUDGMENT and Commitment issued to U.S. Marshal for Paul Edward Ver Hoeve  by Judge Thomas J. Whelan for Judge Jeffrey T Miller (vls) [Entry date 09/28/01] |
| 10/3/01 | 36 | JUDGMENT and Commitment returned executed  10/2/01 Paul Edward Ver Hoeve (1) count(s) 1 (vls) [Entry date 10/03/01] |
| 4/29/02 | 37 | Arrest Warrant returned executed as to Paul Edward Ver Hoeve  4/20/00 (joeh) [Entry date 04/29/02] |
| 9/13/02 | 38 | Notice of Motion and Motion by Paul Edward Ver Hoeve.for 28 USC 2255 by defendant Paul Edward Ver Hoeve   Civil Case Number: 02cv1830-JM (vls) [Entry date 09/16/02] |
| 9/13/02 | 39 | MEMORANDUM by defendant Paul Edward Ver Hoeve  in support of [38-1] (vls) [Entry date 09/16/02] |
| 9/18/02 | 40 | ORDER by Judge Jeffrey T. Miller as to defendant Paul Edward Ver Hoeve  response to petition ddl set for 11/1/02 for respondent USA;  traverse ddl set for 11/22/02 for Paul Edward Ver Hoeve,  motion hearing re 2255 set for 11:00 12/2/02 for Paul Edward Ver Hoeve before Judge Jeffrey Miller (vls) [Entry date 09/18/02] |

Case Flags:
TERMED
2255
SEALDC

## END OF DOCKET: 3:00cr1260-0

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/02/2003 11:37:35 | | | |
| PACER Login: | us4548 | Client Code: | |
| Description: | docket report | Search Criteria: | 3:00cr01260 |
| Billable Pages: | 6 | Cost: | 0.42 |

1

UNITED STATES DISTRICT COURT

2

SOUTHERN DISTRICT OF CALIFORNIA

3 | UNITED STATES OF AMERICA,            )    Criminal Case No. 03cr1587-L
                                        )
4 |                    Plaintiff,       )    **CERTIFICATE OF SERVICE**
   |        v.                          )
5 |                                     )
   | BARRY WEINBAUM,                    )
6 |                                     )
   |                    Defendant.      )
7 |  _____     )

8

9 |        IT IS HEREBY CERTIFIED THAT:

10 |       I, Marilyn King, am a citizen of the United States over the age of eighteen years and a resident of

11 | San Diego County, California; my business address is 880 Front Street, San Diego, California; I am not

12 | a party to the above-entitled action; and,

13 |       On this date I deposited in the United States mail, in an envelope bearing the requisite postage, at

14 | San Diego, California, in the above-entitled action, a copy of:

15 | **GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO
    | TRANSFER CASE PURSUANT TO LOCAL CRIMINAL RULE 57.2**
16
    |      addressed to:
17
    | **Thomas W. McNamara**
18 | **La Bella & McNamara, LLP**
    | **401 West "A" Street, Suite 2300**
19 | **San Diego, CA 92101**

20 |      the last known address, at which place there is delivery service of mail from the United States Postal

21 | Service.

22 |      I declare under penalty of perjury that the foregoing is true and correct.

23 |      Executed on July 3, 2003.

24

25 |                                         _Marilyn King_
    |                                         Marilyn King
26

27

28

03cr1587

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 4

Michael L. Lipman (State Bar No. 66605)
Barbara Howe Murray (State Bar No. 177254)
**COUGHLAN, SEMMER & LIPMAN, LLP**
501 W. Broadway, Suite 400
San Diego, CA 92101
Tel:  (619) 232-0800
Fax:  (619) 232-0107

Attorneys for Defendant-Petitioner
PAUL EDWARD VER HOEVE

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### (HONORABLE JEFFREY T. MILLER)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Respondent,<br><br>    vs.<br><br>PAUL EDWARD VER HOEVE,<br><br>    Defendant-Petitioner. | ) DC No. Civ.<br>) DC No.  00CR1260 JM<br>)<br>)<br>) **STATEMENT OF FACTS AND**<br>) **MEMORANDUM OF POINTS AND**<br>) **AUTHORITIES IN SUPPORT OF**<br>) **PETITIONER'S MOTION TO SET**<br>) **ASIDE HIS CONVICTION AND**<br>) **SENTENCE PURSUANT TO TITLE 28**<br>) **U.S.C. §2255 BECAUSE THE**<br>) **INDICTMENT FAILED TO STATE AN**<br>) **OFFENSE**<br>) |

Defendant-Petitioner Paul Ver Hoeve respectfully submits this Statement of Facts and Memorandum of Points and Authorities in Support of his Motion to Set Aside His Conviction and Sentence because the Indictment Failed to State an Offense.

## I.    STATEMENT OF FACTS

On April 18, 2000, the Government returned a 64 count Indictment against Dr. Ver Hoeve purporting to allege charges of mail fraud, false claims, and aiding and abetting.  On December 20, 2000, Dr. Ver Hoeve entered a guilty plea to Count 1 of the Indictment which purported to allege mail fraud in violation of 18 U.S.C. §1341.  On September 14, 2001, Dr. Ver Hoeve was sentenced to probation for a term of two years.  Despite the guilty plea, the

- 1 -

1  Indictment failed to state an offense against Dr. Ver Hoeve.

2  **II.    ARGUMENT**

3        Dr. Ver Hoeve moves pursuant to 28 U.S.C. §2255 to have his conviction and sentence

4  set aside.  This Court has jurisdiction over Dr. Ver Hoeve's section 2255 motion because Dr. Ver

5  Hoeve is serving a probationary term.  United States v. Spawr Optical Research, Inc., 864 F.2d

6  1467, 1470 (9th Cir. 1988), cert. denied 493 U.S. 809, 110 S.Ct. 51 (1989) ("A probationary term

7  is sufficient custody to confer jurisdiction.)

8        "As a general rule, one who voluntarily and intelligently pleads guilty to a criminal

9  charge may not subsequently seek federal habeas corpus relief on the basis of pre-plea

10  constitutional violations."  Hudson v. Moran, 760 F.2d 1027, 1029-30 (9th Cir.), cert. denied 474

11  U.S. 981, 106 S.Ct. 387 (1985).  However, "'jurisdictional' claims are an exception to this rule."

12  United States v. Caperell, 938 F.2d 975, 977 (9th Cir. 1991).  A guilty plea to a charge does not

13  waive a claim that the charge is one which the government may not constitutionally prosecute.

14  United States v. Cortez, 973 F.2d 765, 766 (9th Cir. 1992); Blackledge v. Perry, 417 U.S. 21, 30,

15  94 S.Ct. 2098, 2103-04 (1974).  This "exception is derived from the fact that even though the

16  guilty plea removes the question of the defendant's guilt from the case, the issue of whether the

17  government had the power to bring the charge at all still remains."  United States v. Cortez, 973

18  F.2d at 767.  The "charges that the government constitutionally may not prosecute are not

19  'crystal-clear.'"  Id. (quoting United States v. Montilla, 870 F.2d 549, 552 (9th Cir. 1989),

20  amended at 907 F.2d 115 (9th Cir. 1990)).  However, "[c]laims that 'the applicable statute is

21  unconstitutional or that the indictment fails to state an offense' are jurisdictional claims not

22  waived by the guilty plea."  United States v. Montilla, 870 F.2d at 552 (quoting United States v.

23  Broncheau, 597 F.2d 1260, 1262, n. 1 (9th Cir.), cert. denied, 444 U.S. 859, 100 S.Ct. 123

24  (1979)).  "[W]hether a claim is 'jurisdictional,' depends on whether the claim can be resolved by

25  examining the face of the indictment or the record at the time of the plea without requiring

26  further proceedings."  United States v. Caperell, 938 F.2d at 977-78.

27        Here, the Indictment purports to state charges for mail fraud in violation of 18 U.S.C.

28  §1341, false claims in violation of 18 U.S.C. §287, and aiding and abetting in violation of 18

DC No. Civ:            DC No. 00CR1260 JM

1   U.S.C. §2.  However, based on a review of the face of the indictment alone, it is clear that the

2   Government has failed to state an offense against Dr. Ver Hoeve.  For this reason, Dr. Ver Hoeve

3   requests that the Court set aside his conviction and sentence.

4   **III.    CONCLUSION**

5           For the reasons stated herein, Paul Ver Hoeve requests that this Court grant his Motion to

6   Set Aside His Conviction and Sentence.

7   DATED:  September 13, 2002                    COUGHLAN, SEMMER & LIPMAN, LLP

8

9                                                By _____
                                                     Michael L. Lipman
10                                                   Barbara Howe Murray
                                                     Attorneys for Defendant-Petitioner
11                                                   Paul Ver Hoeve

12  @PFDesktop\::ODMA/PCDOCS/CSL/35529/1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

DC No. Civ:              DC No. 00CR1260 JM

1  Michael L. Lipman (State Bar No. 66605)
   Barbara Howe Murray (State Bar No. 177254)
2  **COUGHLAN, SEMMER & LIPMAN, LLP**
   501 West Broadway, Suite 400
3  San Diego, California 92101
   Tel:  (619) 232-0800
4  Fax: (619) 232-0107

5  Attorneys for Defendant
   PAUL EDWARD VER HOEVE
6

7

8                    **UNITED STATES DISTRICT COURT**

9                 **SOUTHERN DISTRICT OF CALIFORNIA**

10
   UNITED STATES OF AMERICA,           )  DC No. Civ.
11                                      )  DC No. 00CR1260 JM
              Plaintiff-Respondent,     )
12                                      )  **CERTIFICATE OF SERVICE**
        vs.                             )
13                                      )
                                        )  Judge:  Jeffrey T. Miller
14  PAUL EDWARD VER HOEVE,              )
                                        )
15            Defendant-Petitioner.     )
                                        )
16  _____  )

17

18         I am employed in the County of San Diego, State of California.  I am over the age of 18

19  and not a party to the within action; my business address is **501 West Broadway, Suite 400, San**

20  **Diego, California.**

21         I hereby certify that on **September 13, 2002**, in accordance with Federal Rules of Civil

22  Procedure 4 and 5, I served the documents described as:

23  1.    STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES

24  IN SUPPORT OF PETITIONER'S MOTION TO SET ASIDE HIS CONVICTION AND

25  SENTENCE PURSUANT TO TITLE 28 U.S.C. §2255 BECAUSE THE INDICTMENT

26  FAILED TO STATE AN OFFENSE; and

27  / / /

28  / / /

                                  - 1 -

1   2.    PETITIONER'S MOTION TO SET ASIDE HIS CONVICTION AND SENTENCE

2   PURSUANT TO TITLE 28 U.S.C. §2255 BECAUSE THE INDICTMENT FAILED TO STATE

3   AN OFFENSE

4        I personally served upon all counsel of record as follows:

5   AUSA Daniel E. Butcher
     Federal Office Building
6   880 Front Street, Sixth Floor
     San Diego, CA 92101-8893

7

8        I declare that I am employed in the office of a member of the bar of this court at whose

9   direction the service was made.

10       I declare under penalty of perjury under the laws of the United States of America that the

11   above is true and correct.  Executed **September 13, 2002** at **San Diego, California.**

12

13

14                    JASON MULLANY

15   *@PFDesktop\::ODMA/PCDOCS/CSL/35558/1*

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

Michael L. Lipman (State Bar No. 66605)
Barbara Howe Murray (State Bar No. 177254)
**COUGHLAN, SEMMER & LIPMAN, LLP**
501 W. Broadway, Suite 400
San Diego, CA 92101
Tel:  (619) 232-0800
Fax: (619) 232-0107

Attorneys for Defendant-Petitioner
PAUL EDWARD VER HOEVE

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### (HONORABLE JEFFREY T. MILLER)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) DC No. Civ.<br>) DC No. 00CR1260 JM |
| Plaintiff-Respondent, | ) |
| vs. | ) **PETITIONER'S MOTION TO SET**<br>) **ASIDE HIS CONVICTION AND** |
| | ) **SENTENCE PURSUANT TO TITLE 28** |
| PAUL EDWARD VER HOEVE, | ) **U.S.C. §2255 BECAUSE THE**<br>) **INDICTMENT FAILED TO STATE AN** |
| Defendant-Petitioner. | ) **OFFENSE**<br>) |
| | ) |

**TO:    CAROL LAM, UNITED STATES ATTORNEY; AND DANIEL E. BUTCHER, ASSISTANT UNITED STATES ATTORNEY:**

**PLEASE TAKE NOTICE** that Defendant-Petitioner Paul Ver Hoeve, by and through his counsel, Coughlan, Semmer & Lipman, LLP, hereby files his Motion to Set Aside His Conviction and Sentence because the Indictment Failed to State an Offense.

### MOTION

Pursuant to Title 28 U.S.C. §2255, Paul Ver Hoeve hereby moves this Court to grant his Motion to Set Aside His Conviction and Sentence on the grounds that the charge to which Dr. Ver Hoeve pled guilty is one which the government constitutionally may not prosecute. Specifically, the Indictment failed to state an offense.

- 1 -

1    This motion is based upon the instant motion and notice of motion, the attached statement

2   of facts and memorandum of points and authorities; the files and records in this case and all other

3   matters that may be brought to this Court's attention before or during the hearing of this motion.

4   DATED:  September 13, 2002                    COUGHLAN, SEMMER & LIPMAN, LLP

5

6                                         By  _Barbara B. M_____

7                                            Michael L. Lipman
                                             Barbara Howe Murray
8                                            Attorneys for Defendant-Petitioner
                                             Paul Ver Hoeve

9   @PFDesktop\::ODMA/PCDOCS/CSL/35527/1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

DC No. Civ:          DC No. 00CR1260 JM

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,  )    Criminal Case No. 03cr1587-L
                           )
            Plaintiff,     )    **CERTIFICATE OF SERVICE**
      v.                   )
                           )
BARRY WEINBAUM,            )
                           )
            Defendant.     )
_____)

IT IS HEREBY CERTIFIED THAT:

I, Marilyn King, am a citizen of the United States over the age of eighteen years and a resident of San Diego County, California; my business address is 880 Front Street, San Diego, California; I am not a party to the above-entitled action; and,

On this date I deposited in the United States mail, in an envelope bearing the requisite postage, at San Diego, California, in the above-entitled action, a copy of:

**GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER CASE PURSUANT TO LOCAL CRIMINAL RULE 57.2**

addressed to:

**Thomas W. McNamara
La Bella & McNamara, LLP
401 West "A" Street, Suite 2300
San Diego, CA 92101**

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 3, 2003.

_____
Marilyn King

03cr1587